UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA S. GROHS,<br>    Plaintiff,<br>v.<br>KRISTINE KARKANEN,<br>    Defendant. | Case No.18-cv-04820-JSC<br>**SCREENING ORDER**<br>Re: Dkt. No. 2 |

Defendant Kristine Karkanan, proceeding pro se and *in forma pauperis*, removed this civil action from the Contra Costa County Superior Court. As an initial matter, Defendant has filed an application to proceed in forma pauperis, which is GRANTED. (Dkt. No. 2.) The Court, however, ORDERS Defendant to show cause as to why this case should not be remanded to the Contra Costa County Superior Court for lack of subject matter jurisdiction.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent

obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, the underlying Contra Costa Superior Court action arose out a temporary restraining order issued against Defendant at the request of her former attorney Plaintiff Paula Grohs based on allegations of cyber stalking and bullying. (Dkt. No. 1 at 7-12, 32-44.) Defendant alleges that removal is proper because there is a related action pending in the Northern District of Texas against Ms. Grohs which alleges violation of federal civil rights under 42 U.S.C. § 1983. A related case, however, does not give rise to removal jurisdiction. *See* 28 U.S.C. § 1441. Further, to the extent that Defendant bases removal on diversity jurisdiction, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. While Defendant lists her address as in Plano, Texas, the address listed on the restraining order is in Walnut Creek, California. (*Compare* Dkt. No. 1 at 1 *with id*. at 7.) Nor does the complaint or Notice of Removal demonstrate that the $75,000 amount in controversy requirement is satisfied. *See Crum v. Circus Circus Enters*., 231 F.3d 1129, 1131 (9th Cir. 2000). ("Generally, the amount in controversy is determined from the face of the pleadings.").

In light of the foregoing, the Court ORDERS Defendant to SHOW CAUSE as to why this action should not be remanded to state court. Defendant shall respond to this Order in writing by September 4, 2018. If Defendant fails to respond or her response fails to establish a basis for federal subject matter jurisdiction, the Court will prepare a report and recommendation recommending that a district judge remand the action to the Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: August 13, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2